UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD PURVIS,<br><br>        Plaintiff,<br><br>  v.<br><br>ARCADIS U.S., INC., as successor in interest to MALCOLM PIRNIE, INC.; MALCOLM PIRNIE, INC.; and DOES 1 TO XX, inclusive,<br><br>        Defendants. | No. 2:13-cv-00582-GEB-KJN<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS |

        Defendants Arcadis U.S., Inc. ("Arcadis") and Malcolm Pirnie, Inc. (collectively, "Defendants") move for dismissal under Federal Rules of Civil Procedure ("Rule") 12(b)(6) and 9(b) of Plaintiff's Complaint, which alleges the following eight claims: 1) breach of oral contract, 2) breach of implied partnership agreement, 3) fraud, 4) fraud, 5) breach of the implied covenant of good faith and fair dealing, 6) intentional interference with prospective economic relations, 7) common count: services rendered, and 8) fraud. (Not. of Removal, Ex. A, Compl. ("Compl."), ECF No. 1-1.)[1]

---

[1] Because of the ruling herein, the other grounds upon which Defendants premised the motion are not reached.

1

**I. LEGAL STANDARD**

"In reviewing the dismissal of a complaint," a court "inquire[s] whether the complaint's factual allegations, together with all reasonable inferences, state a plausible claim for relief." United States ex rel. Cafasso v. Gen. Dynamics C4 Sys., 637 F.3d 1047, 1054 (9th Cir. 2011) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)).

When determining the sufficiency of a claim, "[w]e accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the non-moving party[; however, this tenet does not apply to] . . . legal conclusions . . . cast in the form of factual allegations." Fayer v. Vaughn, 649 F.3d 1061, 1064 (9th Cir. 2011) (citation omitted) (internal quotation marks omitted). "Therefore, conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." Id. (citation omitted) (internal quotation marks omitted); see also Iqbal, 556 U.S. at 678 (stating "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do'" (quoting Twombly, 550 U.S. at 555)).

**II. FACTUAL BACKGROUND**

Plaintiff's allegations in his Complaint germane to the Motion are the following. Between 1995 and 2010, Defendant Malcolm Pirnie, Inc. and Plaintiff entered a series of successive

written contracts. (Compl. ¶¶ 6-12.) "Each of the written contracts purported to compensate [P]laintiff for 'recruiting services' . . . ." (Id. ¶ 11.)

In addition to the written agreements between Plaintiff and Defendant Malcolm Pirnie, Inc., "an oral agreement implicit in the conduct of the parties at the time that [they] started their business relationship" provided that Plaintiff "would have a joint interest in and responsibility for the profitability of the business." (Id. ¶ 13.) "In approximately 2006 and 2007, [Defendant] Malcolm Pirnie began seriously exploring the potential purchase by and/or merger with other companies, including [Defendant] Arcadis." (Id. ¶ 15.) "Plaintiff devoted substantial amounts of time" consulting on negotiations with [Defendant] Arcadis "with the understanding that, as an acknowledged strategic partner and 'major stakeholder' with [Defendant] Malcolm Pirnie, he would receive a proportionate share of the profits earned from the sale." (Id. ¶ 15.) Defendant Arcadis U.S., Inc. purchased Defendant Malcolm Pirnie, Inc. "in or about July 2009" and "Plaintiff did not receive any . . . cash or stock distribution" from the sale. (Id. ¶ 15, 16.) Plaintiff "is informed and believes" that the final distribution of sales profits occurred "in or about July 2012." (Id. ¶ 20.)

In 2009, soon before Defendant Arcadis U.S., Inc.'s acquisition of [Defendant] Malcolm Pirnie, Inc., "[P]laintiff . . . discussed the potential recruitment of Guy Matelli." (Id. ¶ 21.) Defendants Malcolm Pirnie, Inc. and Arcadis U.S., Inc. "orally agreed to compensate [P]laintiff for the successful recruitment of Mr. Matelli on a 'quid pro quo' basis," promising

3

that Defendant Arcadis U.S., Inc. would offer Plaintiff "future business worth at least $90,000 if recruitment efforts were successful." (Id.) "In reliance on this expressed promise of payment for his services, [P]laintiff did set about recruitment efforts which resulted in successfully persuading Mr. Matelli to join . . . [Defendant] Arcadis[] [i]n or about May 2010." (Id. ¶ 22.) "[P]ayment for [Plaintiff's] successful recruitment of Mr. Mattelli was not made," and Defendants advised Plaintiff "that this issue would be reviewed and addressed sometime between July and September 2010." (Id. ¶ 23.) "Plaintiff continued to receive assurances from [Defendants] that he would be paid fair compensation," but despite delivering a bill on December 20, 2011, "Plaintiff has not received any compensation for his recruitment of Mr. Matelli." (Id. ¶¶ 23, 24.)

In addition, "[Defendant] Malcolm Pirnie failed to advise of and actually misrepresented to [Defendant] Arcadis the real value of [P]laintiff to the success of [Defendant] Malcolm Pirnie. As a consequence, [Defendant] Arcadis insisted that [P]laintiff had been paid an exorbitant amount for his services and insisted that his contracted amounts for recruiting be reduced. He was offered a contract that included 'incentive compensation,' but [Defendant] Aracadis failed to allow [P]laintiff a reasonable opportunity to realize the benefits of that compensation." (Id. ¶ 19.)

### III. DISCUSSION

**A. First, Second, Third, and Fourth Claims**

Defendants argue, inter alia, that Plaintiff's first, second, third, and fourth claims are "barred by the applicable

4

statutes of limitations." (Mem. Law Supp. Defs.' Mot. Dismiss ("Defs.' Mot.") 1:12-13, 19-20, ECF No. 8.) The statute of limitations for Plaintiff's first claim, in which he alleges breach of an oral contract, and for his second claim, in which he alleges breach of an implied partnership agreement, is two years from the time of breach. See Cal. Civ. Proc. Code § 339; Cochran v. Cochran, 56 Cal. App. 4th 1115, 1120 (1997) ("A cause of action for breach of contract accrues at the time of breach, which then starts the limitations period running."). The statute of limitations for Plaintiff's third and fourth fraud claims is three years. See Cal. Civ. Proc. Code § 338(d).

Each of these claims is based on the sale of Defendant Malcolm Pirnie, Inc. to Defendant Arcadis U.S., Inc. in July 2009 and Plaintiff's allegation that Defendants failed to pay him a portion of the sale proceeds. (Compl. ¶ 15.) Defendants assert that the statute of limitations period for each claim commenced in July 2009, and since Plaintiff did not file his suit until more than three years later on January 17, 2013, it was filed after the expiration of the statute of limitations period. (Defs.' Mot. 3:8-9, 8:9-15, 15:11-13.)

Plaintiff rejoins that the statute of limitations period did not commence in July 2009 because he is "entitled to the 'delayed discovery' rule for purposes of determining the timeliness of the filing of his complaint" with respect to these claims. (Mem. Law Opp'n Defs.' Mot. Dismiss ("Pl.'s Opp'n") 3:7-9, 4:23-25, 5:23-25, 6:7-8. 8:1-10, ECF No. 9.)

> [T]o rely on the discovery rule for delayed accrual of a cause of action, '[a] plaintiff whose complaint shows on its face that his

5

>           claim would be barred without the benefit of
>           the discovery rule must specifically plead
>           facts to show (1) the time and manner of
>           discovery and (2) the inability to have made
>           earlier discovery despite reasonable
>           diligence.

Fox v. Ethicon Endo-Surgery, Inc., 35 Cal. 4th 797, 808 (2005) (citing McKelvey v. Boeing N. Am., Inc., 74 Cal. App. 4th 151, 160 (1999)).

Plaintiff argues that the respective statutes of limitations did not commence at the time of sale, but rather commenced in July 2012, when the final distribution of sales profits was made, because it was only then that he learned "[Defendant Malcolm Pirnie] did not intend to honor its contractual commitment." (Pl.'s Opp'n 2:26–3:2.)

Defendants rejoin that Plaintiff "alleges no facts . . . showing that he was unaware of Defendants' alleged breach until July 2012." (Defs.' Rep. Mem. Law Supp. Mot. Dismiss 4:13-14, ECF No. 10.) Plaintiff has not "specifically ple[]d facts" plausibly showing he did not have notice of his alleged injuries earlier than July 2012, or that he should not be "charged with knowledge of the information that would have . . . revealed" the existence of his claims had his injuries been investigated using reasonable diligence. Fox, 35 Cal. 4th at 808.

Therefore, this portion of the motion is granted since the Complaint reveals that each claim is barred by the applicable statute of limitations. Accordingly, Plaintiff's first, second, third, fourth claims are dismissed.

**B. Fifth Claim**

Defendants argue, inter alia, that "Plaintiff fails to

allege any facts sufficient to support" his fifth claim for breach of the implied covenant of good faith and fair dealing, which is premised on the denial of "a reasonable opportunity to realize the benefits of . . . [contractual] compensation" to Plaintiff. (Defs.' Mot. 6:16-17; Compl. ¶ 42.) Defendants argue that Plaintiff has not stated upon which contract this claim is based, and has not pled the necessary elements of the claim. (Defs.' Mot. 5:22-23, 6:16-24.) Plaintiff concedes "that the allegations are vague and ambiguous" and requests "leave to amend." (Pl.'s Opp'n 6:15-16.) Therefore, Plaintiff's fifth claim is dismissed.

### C. Sixth Claim

Defendants argue, inter alia, that Plaintiff's sixth claim for intentional interference with prospective economic relations should be dismissed as time-barred. (Defs.'s Mot. 8:4-5.) Plaintiff rejoins that the Complaint states "no reference date on which the interference occurred or reasonably became known to the plaintiff." (Pl.'s Opp'n 8:21-22.)

The statute of limitations for this claim is two years. Guess, Inc. v. Super. Ct., 176 Cal. App. 3d 473, 478 (1986). The following paragraphs in Plaintiff's Complaint concern this claim:

> 18. During the purchase/sales discussion between [Defendants] . . . .
>
> 19. . . . [Defendant] Malcolm Pirnie failed to advise of and actually misrepresented to [Defendant] Arcadis the real value of [P]laintiff to the success of [Defendant] Malcolm Pirnie. As a consequence, [Defendant] Arcadis insisted that [P]laintiff had been paid an exorbitant amount for his services and insisted that his contracted amounts for recruiting be reduced. He was offered a contract that included "incentive

7

> compensation," but [Defendant] Aracadis failed to allow [P]laintiff a reasonable opportunity to realize the benefits of that compensation.

(Compl. ¶¶ 18-19.) The allegations in Plaintiff's complaint suggest that the alleged interference occurred "[d]uring the purchase/sales discussions between [Defendants] Malcolm Pirnie and Arcadis" or soon thereafter. (Compl. ¶ 18.) Plaintiff alleges that the sale between Defendants occurred "in or about July 2009," which is more than three years before the Complaint was filed on January 17, 2013. (Compl. ¶ 15.) Therefore, Plaintiff's sixth claim is dismissed.

### D. Seventh Claim

Defendants argue, inter alia, that Plaintiff has failed to state a claim for a common count: services rendered because he has failed to allege "indebtedness in a certain sum." (Defs.'s Mot. 9:9-10.)

The essential elements of a common count are: (1) a "statement of indebtedness in a certain sum," (2) "consideration, i.e., goods sold, work done, etc., and (3) nonpayment." Farmers Ins. Exch. v. Zerin, 53 Cal. App. 4th 455, 460 (1997). Plaintiff contends that his common count is one of quantum meruit and suggests that the indebtedness alleged is the "reasonable value" of his services rendered in the recruitment of Mr. Matelli. (Pl.'s Opp'n 9:2-13.)

Common counts fall in two general categories: "indebitatus counts (counts for fixed amounts), and quantum counts (counts for the reasonable value of services or materials." Matthew Bender, California Forms of Pleading and

8

1 Practice § 121.23 (2013). Plaintiff neither demands a fixed
2 amount of compensation nor the reasonable value of services.
3       Since this claim fails to demand a "certain sum,"
4 Plaintiff's seventh claim is dismissed. Zerin, 53 Cal. App. 4th
5 at 460.

    **E. Eighth Claim**

7       Defendants argue that Plaintiff's eighth claim, in
8 which Plaintiff alleges Defendants committed fraud in connection
9 with Plaintiff's efforts to recruit Mr. Matelli to Defendant
10 Arcadis U.S., Inc., (Compl. ¶ 21), should be dismissed because it
11 "lacks the factual support necessary to meet the heightened
12 pleading standard for a fraud claim" under Rule 9(b). (Defs.'
13 Mot. 14:6-7.) Further, Defendants argue that Plaintiff's
14 allegations "fail[] to allege any specific statements by any
15 employees of Defendants." (Id. 14:16-17.)
16       Plaintiff rejoins that "he has included sufficient
17 detail and precision to comport with the requirements for
18 pleading fraud." (Pl.'s Opp'n 10:1-2.)
19       "[I]n alleging fraud or mistake, Rule 9(b) requires a
20 party to state with particularity the circumstances constituting
21 fraud or mistake, including 'the who, what, when, where, and how
22 of the misconduct charged.'" Ebeid ex rel. United States v.
23 Lungwitz, 616 F.3d 993, 998 (9th Cir. 2010) (alteration in
24 original) (internal quotation marks omitted) (quoting Vess v.
25 Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003)).
26       Plaintiff's allegations concerning this claim are the
27 following:
28       50. Defendants defrauded [P]laintiff by

>    making the representations of material fact as alleged in paragraph [21].[2]
>
>    51. These representations were in fact false. The truth was that [Defendants] did not have any intention of compensating [P]laintiff for his successful recruitment of Matelli.
>
>    52. When [Defendants] made these representations, [Defendant] Malcolm Pirnie knew they were false or had no reasonable ground for believing the representations were true.
>
>    53. [Defendants] made the representations with the intent to defraud and induce [P]laintiff to act . . . . At the time [P]laintiff did not know the representations were false and believed they were true. Plaintiff acted in justifiable reliance upon the truth of the representations.
>
>    54. Because of Plaintiff's reliance upon [Defendants'] conduct, [P]laintiff has been damaged in an amount of at least $90,000 or according to proof.

(Compl. ¶¶ 50-54.) Paragraph 21 of the Complaint alleges:

>    In 2009, [Defendant] Malcolm Pirnie and [P]laintiff, in his capacity as Malcolm Pirnie's strategic partner, discussed the potential recruitment of Guy Matelli to [Defendant] Malcolm Pirnie. It was mutually agreed that in light of the imminent acquisition of [Defendant] Malcolm Pirnie by [Defendant] Arcadis, it made the most sense to recruit Mr. Matelli to join [Defendant] Arcadis. Plaintiff was informed by an officer of [Defendant] Malcolm Pirnie, and therefore believed, that both [Defendants] orally agreed to compensate plaintiff for the successful recruitment of Mr. Matelli on a "quid pro quo" basis; this agreement included the promise that, through [Defendant] Arcadis, [P]laintiff would receive future business worth at least $90,000 if recruitment efforts were successful.

---

[2] In the Complaint, this sentence references paragraph 20. However, in his Opposition, Plaintiff states that the reference to paragraph 20 was made in error, noting it "should have been a reference to paragraph 21." (Pl.'s Opp'n, 9:23-24.)

10

1  (Id. ¶ 21.) These allegations are insufficient to "state the
2  time, place, and specific content of the false representations."
3  Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393,
4  1401 (9th Cir. 1986). Moreover, Plaintiff fails to specify the
5  "identities of the parties to the misrepresentation." Id.; see
6  also Kham v. Exec. Tr. Servs., LLC, No. 12-cv-0321 LJO BAM, 2012
7  WL 967864, at *12 (E.D. Cal. Mar. 21, 2012) ("In a fraud against
8  a corporation, a plaintiff must 'allege the names of the persons
9  who made the allegedly fraudulent representations, their
10 authority to speak, to whom they spoke, what they said or wrote,
11 and when it was said or written.'") (quoting Tarmann v. State
12 Farm Mut. Auto. Ins. Co., 2 Cal. App. 4th 153, 157 (1991)).
13         Therefore, Plaintiff's eighth claim is dismissed.

### IV. CONCLUSION

15         For the stated reasons, Plaintiff's Complaint is
16 dismissed. However, Plaintiff is granted fourteen (14) days from
17 the date on which this order is filed to file an amended
18 complaint addressing the deficiencies in any dismissed claim.
19 Plaintiff is notified that failure to file an amended complaint
20 within the prescribed time period could result in dismissal with
21 prejudice under Rule 41(b).
22 Dated: October 2, 2013

_[signature]_
GARLAND E. BURRELL, JR.
Senior United States District Judge