UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD PURVIS, | No. 2:13-cv-00582-GEB-KJN |
| Plaintiff, | |
| v. | ORDER GRANTING DEFENDANTS' MOTION TO DISMISS |
| ARCADIS U.S., INC., as successor in interest to MALCOLM PIRNIE, INC.; MALCOLM PIRNIE, INC.; and DOES 1 TO XX, inclusive, | |
| Defendants. | |

Defendants Arcadis U.S., Inc. ("Arcadis") and Malcolm Pirnie, Inc. (collectively, "Defendants") move for dismissal under Federal Rules of Civil Procedure ("Rule") 12(b)(6) and 9(b) of Plaintiff's Complaint, which alleges the following eight claims: 1) breach of oral contract, 2) breach of implied partnership agreement, 3) fraud, 4) fraud, 5) breach of the implied covenant of good faith and fair dealing, 6) intentional interference with prospective economic relations, 7) common count: services rendered, and 8) fraud. (Not. of Removal, Ex. A, Compl. ("Compl."), ECF No. 1-1.)[1]

---

[1] Because of the ruling herein, the other grounds upon which Defendants premised the motion are not reached.

1

1

## I. LEGAL STANDARD

2  "In reviewing the dismissal of a complaint," a court

3  "inquire[s] whether the complaint's factual allegations, together

4  with all reasonable inferences, state a plausible claim for

5  relief." <u>United States ex rel. Cafasso v. Gen. Dynamics C4 Sys.</u>,

6  637 F.3d 1047, 1054 (9th Cir. 2011) (citing <u>Ashcroft v. Iqbal</u>,

7  556 U.S. 662, 678-79 (2009)). "A claim has facial plausibility

8  when the plaintiff pleads factual content that allows the court

9  to draw the reasonable inference that the defendant is liable for

10  the misconduct alleged." <u>Iqbal</u>, 556 U.S. at 678 (citing <u>Bell Atl.</u>

11  <u>Corp. v. Twombly</u>, 550 U.S. 544, 556 (2007)).

12  When determining the sufficiency of a claim, "[w]e

13  accept factual allegations in the complaint as true and construe

14  the pleadings in the light most favorable to the non-moving

15  party[; however, this tenet does not apply to] . . . legal

16  conclusions . . . cast in the form of factual allegations." <u>Fayer</u>

17  <u>v. Vaughn</u>, 649 F.3d 1061, 1064 (9th Cir. 2011) (citation omitted)

18  (internal quotation marks omitted). "Therefore, conclusory

19  allegations of law and unwarranted inferences are insufficient to

20  defeat a motion to dismiss." <u>Id.</u> (citation omitted) (internal

21  quotation marks omitted); <u>see also</u> <u>Iqbal</u>, 556 U.S. at 678

22  (stating "[a] pleading that offers 'labels and conclusions' or 'a

23  formulaic recitation of the elements of a cause of action will

24  not do'" (quoting <u>Twombly</u>, 550 U.S. at 555)).

25

## II. FACTUAL BACKGROUND

26  Plaintiff's allegations in his Complaint germane to the

27  Motion are the following. Between 1995 and 2010, Defendant

28  Malcolm Pirnie, Inc. and Plaintiff entered a series of successive

2

1   written   contracts.   (Compl.   ¶¶   6–12.)   "Each   of   the   written
2   contracts   purported   to   compensate   [P]laintiff   for   'recruiting
3   services'   . . . ."   (Id.   ¶ 11.)

4           In addition to the written agreements between Plaintiff
5   and   Defendant   Malcolm   Pirnie,   Inc.,   "an   oral   agreement   implicit
6   in   the   conduct   of   the   parties   at   the   time   that   [they]   started
7   their   business   relationship"   provided   that   Plaintiff   "would   have
8   a   joint   interest   in   and   responsibility   for   the   profitability   of
9   the   business."   (Id.   ¶ 13.)   "In   approximately   2006   and   2007,
10  [Defendant]   Malcolm   Pirnie   began   seriously   exploring   the
11  potential   purchase   by   and/or   merger   with   other   companies,
12  including   [Defendant]   Arcadis."   (Id.   ¶ 15.)   "Plaintiff   devoted
13  substantial   amounts   of   time"   consulting   on   negotiations   with
14  [Defendant]   Arcadis   "with   the   understanding   that,   as   an
15  acknowledged   strategic   partner   and   'major   stakeholder'   with
16  [Defendant]   Malcolm   Pirnie,   he   would   receive   a   proportionate
17  share   of   the   profits   earned   from   the   sale."   (Id.   ¶ 15.)   Defendant
18  Arcadis   U.S.,   Inc.   purchased   Defendant   Malcolm   Pirnie,   Inc.   "in
19  or   about   July   2009"   and   "Plaintiff   did   not   receive   any   . . .   cash
20  or   stock   distribution"   from   the   sale.   (Id.   ¶ 15, 16.)   Plaintiff
21  "is   informed   and   believes"   that   the   final   distribution   of   sales
22  profits   occurred   "in   or   about   July   2012."   (Id.   ¶ 20.)

23          In   2009,   soon   before   Defendant   Arcadis   U.S.,   Inc.'s
24  acquisition   of   [Defendant]   Malcolm   Pirnie,   Inc.,   "[P]laintiff
25  . . .   discussed   the   potential   recruitment   of   Guy   Matelli."   (Id.
26  ¶ 21.)   Defendants   Malcolm   Pirnie,   Inc.   and   Arcadis   U.S.,   Inc.
27  "orally   agreed   to   compensate   [P]laintiff   for   the   successful
28  recruitment   of   Mr.   Matelli   on   a   'quid   pro   quo'   basis,"   promising

1    that Defendant Arcadis U.S., Inc. would offer Plaintiff "future
2    business worth at least $90,000 if recruitment efforts were
3    successful." (Id.) "In reliance on this expressed promise of
4    payment for his services, [P]laintiff did set about recruitment
5    efforts which resulted in successfully persuading Mr. Matelli to
6    join . . . [Defendant] Arcadis[] [i]n or about May 2010." (Id.
7    ¶ 22.) "[P]ayment for [Plaintiff's] successful recruitment of Mr.
8    Mattelli was not made," and Defendants advised Plaintiff "that
9    this issue would be reviewed and addressed sometime between July
10   and September 2010." (Id. ¶ 23.) "Plaintiff continued to receive
11   assurances from [Defendants] that he would be paid fair
12   compensation," but despite delivering a bill on December 20,
13   2011, "Plaintiff has not received any compensation for his
14   recruitment of Mr. Matelli." (Id. ¶¶ 23, 24.)

15       In addition, "[Defendant] Malcolm Pirnie failed to advise of
16   and actually misrepresented to [Defendant] Arcadis the real value
17   of [P]laintiff to the success of [Defendant] Malcolm Pirnie. As a
18   consequence, [Defendant] Arcadis insisted that [P]laintiff had
19   been paid an exorbitant amount for his services and insisted that
20   his contracted amounts for recruiting be reduced. He was offered
21   a contract that included 'incentive compensation,' but
22   [Defendant] Aracadis failed to allow [P]laintiff a reasonable
23   opportunity to realize the benefits of that compensation." (Id.
24   ¶ 19.)

25                        **III. DISCUSSION**
26       **A. First, Second, Third, and Fourth Claims**

27           Defendants argue, inter alia, that Plaintiff's first,
28   second, third, and fourth claims are "barred by the applicable

                                 4

1   statutes of limitations." (Mem. Law Supp. Defs.' Mot. Dismiss

2   ("Defs.' Mot.") 1:12-13, 19-20, ECF No. 8.) The statute of

3   limitations for Plaintiff's first claim, in which he alleges

4   breach of an oral contract, and for his second claim, in which he

5   alleges breach of an implied partnership agreement, is two years

6   from the time of breach. See Cal. Civ. Proc. Code § 339; Cochran

7   v. Cochran, 56 Cal. App. 4th 1115, 1120 (1997) ("A cause of

8   action for breach of contract accrues at the time of breach,

9   which then starts the limitations period running."). The statute

10  of limitations for Plaintiff's third and fourth fraud claims is

11  three years. See Cal. Civ. Proc. Code § 338(d).

12       Each of these claims is based on the sale of Defendant

13  Malcolm Pirnie, Inc. to Defendant Arcadis U.S., Inc. in July 2009

14  and Plaintiff's allegation that Defendants failed to pay him a

15  portion of the sale proceeds. (Compl. ¶ 15.) Defendants assert

16  that the statute of limitations period for each claim commenced

17  in July 2009, and since Plaintiff did not file his suit until

18  more than three years later on January 17, 2013, it was filed

19  after the expiration of the statute of limitations period.

20  (Defs.' Mot. 3:8-9, 8:9-15, 15:11-13.)

21       Plaintiff rejoins that the statute of limitations

22  period did not commence in July 2009 because he is "entitled to

23  the 'delayed discovery' rule for purposes of determining the

24  timeliness of the filing of his complaint" with respect to these

25  claims. (Mem. Law Opp'n Defs.' Mot. Dismiss ("Pl.'s Opp'n") 3:7-

26  9, 4:23-25, 5:23-25, 6:7-8. 8:1-10, ECF No. 9.)

27            [T]o rely on the discovery rule for delayed
             accrual of a cause of action, '[a] plaintiff
28           whose complaint shows on its face that his

5

claim would be barred without the benefit of the discovery rule must specifically plead facts to show (1) the time and manner of discovery and (2) the inability to have made earlier discovery despite reasonable diligence.

Fox v. Ethicon Endo-Surgery, Inc., 35 Cal. 4th 797, 808 (2005) (citing McKelvey v. Boeing N. Am., Inc., 74 Cal. App. 4th 151, 160 (1999)).

Plaintiff argues that the respective statutes of limitations did not commence at the time of sale, but rather commenced in July 2012, when the final distribution of sales profits was made, because it was only then that he learned "[Defendant Malcolm Pirnie] did not intend to honor its contractual commitment." (Pl.'s Opp'n 2:26—3:2.)

Defendants rejoin that Plaintiff "alleges no facts . . . showing that he was unaware of Defendants' alleged breach until July 2012." (Defs.' Rep. Mem. Law Supp. Mot. Dismiss 4:13–14, ECF No. 10.) Plaintiff has not "specifically ple[]d facts" plausibly showing he did not have notice of his alleged injuries earlier than July 2012, or that he should not be "charged with knowledge of the information that would have . . . revealed" the existence of his claims had his injuries been investigated using reasonable diligence. Fox, 35 Cal. 4th at 808.

Therefore, this portion of the motion is granted since the Complaint reveals that each claim is barred by the applicable statute of limitations. Accordingly, Plaintiff's first, second, third, fourth claims are dismissed.

**B. Fifth Claim**

Defendants argue, inter alia, that "Plaintiff fails to

6

1    allege any facts sufficient to support" his fifth claim for

2    breach of the implied covenant of good faith and fair dealing,

3    which is premised on the denial of "a reasonable opportunity to

4    realize the benefits of . . . [contractual] compensation" to

5    Plaintiff. (Defs.' Mot. 6:16-17; Compl. ¶ 42.) Defendants argue

6    that Plaintiff has not stated upon which contract this claim is

7    based, and has not pled the necessary elements of the claim.

8    (Defs.' Mot. 5:22-23, 6:16-24.) Plaintiff concedes "that the

9    allegations are vague and ambiguous" and requests "leave to

10   amend." (Pl.'s Opp'n 6:15-16.) Therefore, Plaintiff's fifth claim

11   is dismissed.

12       **C. Sixth Claim**

13       Defendants argue, inter alia, that Plaintiff's sixth

14   claim for intentional interference with prospective economic

15   relations should be dismissed as time-barred. (Defs.'s Mot. 8:4-

16   5.) Plaintiff rejoins that the Complaint states "no reference

17   date on which the interference occurred or reasonably became

18   known to the plaintiff." (Pl.'s Opp'n 8:21-22.)

19       The statute of limitations for this claim is two years.

20   Guess, Inc. v. Super. Ct., 176 Cal. App. 3d 473, 478 (1986). The

21   following paragraphs in Plaintiff's Complaint concern this claim:

22           18.  During the purchase/sales discussion
             between [Defendants] . . . .
23

24           19. . . . [Defendant] Malcolm Pirnie failed
             to advise of and actually misrepresented to
25           [Defendant] Arcadis the real value of
             [P]laintiff to the success of [Defendant]
26           Malcolm Pirnie. As a consequence, [Defendant]
             Arcadis insisted that [P]laintiff had been
27           paid an exorbitant amount for his services
             and insisted that his contracted amounts for
28           recruiting be reduced. He was offered a
             contract that included "incentive

> compensation," but [Defendant] Aracadis failed to allow [P]laintiff a reasonable opportunity to realize the benefits of that compensation.

(Compl. ¶¶ 18-19.) The allegations in Plaintiff's complaint suggest that the alleged interference occurred "[d]uring the purchase/sales discussions between [Defendants] Malcolm Pirnie and Arcadis" or soon thereafter. (Compl. ¶ 18.) Plaintiff alleges that the sale between Defendants occurred "in or about July 2009," which is more than three years before the Complaint was filed on January 17, 2013. (Compl. ¶ 15.) Therefore, Plaintiff's sixth claim is dismissed.

**D. Seventh Claim**

Defendants argue, inter alia, that Plaintiff has failed to state a claim for a common count: services rendered because he has failed to allege "indebtedness in a certain sum." (Defs.'s Mot. 9:9-10.)

The essential elements of a common count are: (1) a "statement of indebtedness in a certain sum," (2) "consideration, i.e., goods sold, work done, etc., and (3) nonpayment." Farmers Ins. Exch. v. Zerin, 53 Cal. App. 4th 455, 460 (1997). Plaintiff contends that his common count is one of quantum meruit and suggests that the indebtedness alleged is the "reasonable value" of his services rendered in the recruitment of Mr. Matelli. (Pl.'s Opp'n 9:2-13.)

Common counts fall in two general categories: "indebitatus counts (counts for fixed amounts), and quantum counts (counts for the reasonable value of services or materials." Matthew Bender, California Forms of Pleading and

1  Practice § 121.23 (2013). Plaintiff neither demands a fixed
2  amount of compensation nor the reasonable value of services.

3      Since this claim fails to demand a "certain sum,"
4  Plaintiff's seventh claim is dismissed. Zerin, 53 Cal. App. 4th
5  at 460.

6      **E. Eighth Claim**

7      Defendants argue that Plaintiff's eighth claim, in
8  which Plaintiff alleges Defendants committed fraud in connection
9  with Plaintiff's efforts to recruit Mr. Matelli to Defendant
10 Arcadis U.S., Inc., (Compl. ¶ 21), should be dismissed because it
11 "lacks the factual support necessary to meet the heightened
12 pleading standard for a fraud claim" under Rule 9(b). (Defs.'
13 Mot. 14:6-7.) Further, Defendants argue that Plaintiff's
14 allegations "fail[] to allege any specific statements by any
15 employees of Defendants." (Id. 14:16-17.)

16     Plaintiff rejoins that "he has included sufficient
17 detail and precision to comport with the requirements for
18 pleading fraud." (Pl.'s Opp'n 10:1-2.)

19     "[I]n alleging fraud or mistake, Rule 9(b) requires a
20 party to state with particularity the circumstances constituting
21 fraud or mistake, including 'the who, what, when, where, and how
22 of the misconduct charged.'" Ebeid ex rel. United States v.
23 Lungwitz, 616 F.3d 993, 998 (9th Cir. 2010) (alteration in
24 original) (internal quotation marks omitted) (quoting Vess v.
25 Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003)).

26     Plaintiff's allegations concerning this claim are the
27 following:

28     50.  Defendants defrauded [P]laintiff by

9

making the representations of material fact
as alleged in paragraph [21].[2]

51. These representations were in fact false.
The truth was that [Defendants] did not have
any intention of compensating [P]laintiff for
his successful recruitment of Matelli.

52. When [Defendants] made these
representations, [Defendant] Malcolm Pirnie
knew they were false or had no reasonable
ground for believing the representations were
true.

53. [Defendants] made the representations
with the intent to defraud and induce
[P]laintiff to act . . . . At the time
[P]laintiff did not know the representations
were false and believed they were true.
Plaintiff acted in justifiable reliance upon
the truth of the representations.

54. Because of Plaintiff's reliance upon
[Defendants'] conduct, [P]laintiff has been
damaged in an amount of at least $90,000 or
according to proof.

(Compl. ¶¶ 50-54.) Paragraph 21 of the Complaint alleges:

In 2009, [Defendant] Malcolm Pirnie and
[P]laintiff, in his capacity as Malcolm
Pirnie's strategic partner, discussed the
potential recruitment of Guy Matelli to
[Defendant] Malcolm Pirnie. It was mutually
agreed that in light of the imminent
acquisition of [Defendant] Malcolm Pirnie by
[Defendant] Arcadis, it made the most sense
to recruit Mr. Matelli to join [Defendant]
Arcadis. Plaintiff was informed by an officer
of [Defendant] Malcolm Pirnie, and therefore
believed, that both [Defendants] orally
agreed to compensate plaintiff for the
successful recruitment of Mr. Matelli on a
"quid pro quo" basis; this agreement included
the promise that, through [Defendant]
Arcadis, [P]laintiff would receive future
business worth at least $90,000 if
recruitment efforts were successful.

---

[2] In the Complaint, this sentence references paragraph 20. However, in his
Opposition, Plaintiff states that the reference to paragraph 20 was made in
error, noting it "should have been a reference to paragraph 21." (Pl.'s Opp'n,
9:23-24.)

1  (Id. ¶ 21.) These allegations are insufficient to "state the
2  time, place, and specific content of the false representations."
3  Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393,
4  1401 (9th Cir. 1986). Moreover, Plaintiff fails to specify the
5  "identities of the parties to the misrepresentation." Id.; see
6  also Kham v. Exec. Tr. Servs., LLC, No. 12-cv-0321 LJO BAM, 2012
7  WL 967864, at *12 (E.D. Cal. Mar. 21, 2012) ("In a fraud against
8  a corporation, a plaintiff must 'allege the names of the persons
9  who made the allegedly fraudulent representations, their
10  authority to speak, to whom they spoke, what they said or wrote,
11  and when it was said or written.'") (quoting Tarmann v. State
12  Farm Mut. Auto. Ins. Co., 2 Cal. App. 4th 153, 157 (1991)).

13          Therefore, Plaintiff's eighth claim is dismissed.

14                          **IV. CONCLUSION**

15          For the stated reasons, Plaintiff's Complaint is
16  dismissed. However, Plaintiff is granted fourteen (14) days from
17  the date on which this order is filed to file an amended
18  complaint addressing the deficiencies in any dismissed claim.
19  Plaintiff is notified that failure to file an amended complaint
20  within the prescribed time period could result in dismissal with
21  prejudice under Rule 41(b).

22  Dated:  October 2, 2013

23                          GARLAND E. BURRELL, JR.
                            Senior United States District Judge

24

25

26

27

28